US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 18 2017

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 5:17CR50027-001 |
| | ) | 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2) |
| v. | ) | 21 U.S.C. § 841(a)(1) |
| | ) | 21 U.S.C. § 841(b)(1)(B)(viii) |
| | ) | 21 U.S.C. § 846 |
| PENG CHANTHALANGSY | ) | |

## INDICTMENT

The Grand Jury Charges:

### COUNT ONE
[Conspiracy to Distribute Methamphetamine]

Beginning on or about an unknown date, but at least as early as January 15, 2017, and continuing to on or about March 13, 2017, in the Western District of Arkansas, Fayetteville Division, and elsewhere, the defendants, PENG CHANTHALANGSY and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury, to distribute a mixture or substance that contained detectible amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, § 841(a)(1) and Title 21, United States Code, § 846.

### COUNT TWO
[Aiding and Abetting Delivery of a Controlled Substance]

On or about March 8, 2017, in the Western District of Arkansas, Fayetteville Division, the defendant, PENG CHANTHALANGSY, aided and abetted by others known and unknown to the grand jury, knowingly and intentionally distributed a controlled substance, namely, a mixture or

substance that contained methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, § 841(a)(1) Title 18 United States Code § 2.

### COUNT THREE
### [Aiding and Abetting Delivery of a Controlled Substance]

On or about March 13, 2017, in the Western District of Arkansas, Fayetteville Division, the defendant, PENG CHANTHALANGSY, aided and abetted by others known and unknown to the grand jury, knowingly and intentionally distributed a controlled substance, namely, a mixture or substance that contained methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, § 841(a)(1) Title 18 United States Code § 2.

### COUNT FOUR
### [Possession with Intent to Distribute Methamphetamine]

On or about March 13, 2017, in the Western District of Arkansas, Fayetteville Division, the defendant, PENG CHANTHALANGSY, did knowingly possess with intent to distribute a controlled substance, namely, a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(viii).

### COUNT FIVE
### [Possession of Child Pornography]

On or about March 13, 2017, in the Western District of Arkansas, Fayetteville Division, the defendant, PENG CHANTHALANGSY, knowingly possessed a CyborgX IBuyPower Computer, that contained images of child pornography, as that term is defined in Title 18, United States Code, Section 2256(8) including images of minors under the age of 12, that had been mailed, and shipped and transported in interstate and foreign commerce by any means, including by

computer, and that was produced using materials that had been mailed, and shipped and transported in or affecting interstate and foreign commerce by any means, including by computer, and attempted to do so; all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Five of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853 AND 18 U.S.C. § 2253.

1) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter, which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the offenses in the Indictment;

2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses in the Indictment; and

3) any property, real or personal, including any and all computer, computer equipment, cellular device, digital currency, NAMELY BITCOIN, and Bitcoin Miners (Antminers) used or intended to be used to commit or to promote the commission of the offenses in the Indictment, or any property traceable to such property, including, but not limited to computer equipment used in the commission of the offenses in the Indictment.

If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

3

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 18 U.S.C. § 2253(b), incorporating by reference Title 21 U.S.C. § 853 to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

A True Bill.

*/s/Grand Jury Foreperson*
Grand Jury Foreperson

KENNETH ELSER
UNITED STATES ATTORNEY

By: _____
Dustin S. Roberts
Assistant U. S. Attorney
Arkansas Bar No. 2005185
414 Parker Ave
Fort Smith, AR 72901
479-783-5125
E-mail Dustin.Roberts@usdoj.gov