IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.5:17-cr-50027 |
| v. | ) | |
| | ) | |
| PENG CHANTHALANGSY | ) | |

**GOVERNMENT'S RESPONSE TO MOTIONS TO SUPPRESS**

Comes now the United States of America, by and through the undersigned, and responds to Defendant's Motion to Suppress, filed July 1, 2017 (Doc. 18). For all matters relevant, the Government states as follows:

**PRELIMINARY CONCLUSION**

In the current case, the defendant asserts in his motion to suppress that *all* statements made by the defendant, PENG CHANTHALANGSY, during his recorded custodial interview conducted on March 28, 2017, should be suppressed. The United States submits that during the interview law enforcement properly advised the defendant of his rights pursuant to the requirements of *Miranda*, and thereafter the defendant invoked said right to Counsel. As such, the United States has no intention of alluding to nor submitting evidence of statements the defendant made thereafter. However, in his motion, the defendant requests that all biographical information provided by the defendant should likewise be suppressed. The United States opposes such, based on the facts and case law outline below. To clarify, the United States intends to illicit at trial the following: the defendant residence and employment/occupation.

**FACTS AT ISSUE**

On or about April 18, 2017, the defendant was named in a Five (5) Count Indictment charging him with Conspiracy to Distribute Methamphetamine, two Counts of Aiding and Abetting the Distribution of Methamphetamine, Possession with Intent to Distribute Methamphetamine, and Possession of Child Pornography.

Prior to his indictment by a Grand Jury, the defendant was arrested via a Criminal Complaint by Federal law enforcement on or about March 28, 2017. At that time, S.A. Gerald Faulkner with Homeland Security Investigations conducted a video recorded custodial interview of the defendant at the Rogers Police Department.

The recorded interview reveals the following: At approximately 12:46:02, Special Agent (SA) Faulkner identifies himself and asks the defendant if he is aware he is under arrest. The defendant responds "yes, that's what they said." SA Faulkner then states "alright, I'm going to get to all that in a second. Before we get down that road, let me just confirm some things." The agent then asks the defendant to spell his name, and provide his date of birth and social security number. The defendant then interrupts and asks the agent if "he knows why he is being arrested again." The agent responds, "I have some paperwork for you, we are going to go through all that stuff, I just need to get some of your biographical out of the way, ok? You currently live where?" The defendant responds "4007 W. Olive Street."

Directly after, the defendant says "before we speak, I think I need a lawyer." The agent responds "nope, give me one second, I'm going to get your biographical stuff out of the way. And then I'll explain to you what's going on. You don't need an attorney for this, it's just your name, date of birth, where you live, all that good stuff." The agent then asked "West Olive, that in

Rogers?" The agent questions the defendant about who he lives with, gets the spelling of roommate's/sister name. The agent then asks the defendant where he works, which the defendant replies that he is unemployed. The agent asks the defendant how long he has been unemployed, and the defendant replies he had previously worked for direct TV. The agent inquires about the defendant's rate of pay and his job duties (laying cable or IT work). The defendant replied, "I do everything … trouble shooting." The time mark at the end of this statement is 12:49:23. The Government does not intend to introduce any admission or statement made by the defendant beyond this point.

### I.     BIOGRAPHICAL INFORMATION IS ADMISSIBLE

Defendant asserts that all information provided by the defendant, taken as biographical information, prior to the agent informing the defendant of his Miranda warnings, should be suppressed.  However, as biographical information is exempt from Miranda, this request should be denied. The information requested by the agent is routine booking questions asked of every person arrested by Homeland Security and/or booked into a County Jail.

According to *Miranda*, "[a]t the outset, if a person in custody is to be subjected to interrogation, he must first be informed in a clear and unequivocal terms that he has the right to remain silent…." Id at 468. "The warning of the right to remain silent must be accompanied by the explanation that anything said can be used against the individual in court." Id at 469. *Miranda* warnings must be given to anyone in police custody, no matter how minor the crime. See *Berkemer v. McCarty*, 468 U.S. 420 (1984). "The threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may be fairly said to shock the contemporary conscience." *Sheets* at 778, quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 848, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

However, "[i]nterrogation for *Miranda* purposes refers to any questioning or conduct that the government officer should know is reasonably likely to elicit an incriminating response from the suspect. *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980). Thus, not all government inquiries to a suspect in custody constitute interrogation and therefore need be preceded by *Miranda* warnings. *United States v. McLaughlin*, 777 F.2d 388, 391 (8th Cir. 1985). "It is well-settled that routine biographical data is exempted from *Miranda* 's coverage." *United States v. Brown,* 101 F.3d 1272, 1274 (8th Cir.1996); *see Pennsylvania v. Muniz,* 496 U.S. 582, 601, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990). "A request for routine information necessary for basic identification purposes is not interrogation under *Miranda,* even if the information turns out to be incriminating." *United States v. McLaughlin,* 777 F.2d 388, 391–92 (8th Cir.1985).

In this case, SA Faulkner specifically informed the defendant that he was just taking biographical information, which is standard protocol for Homeland Security arrest/booking procedures. The biographical information the Government is seeking to introduce is limited to residence and place of employment. Said information is coincidentally the same exact information that Benton County Jail deputies, Washington County Jail deputies, and Federal Pre-trial services officers obtained from the defendant. (See Govt. Exhibit A, B, & C, attached hereto). Therefore, the defendant's statements, to the extent outlined above, should be deemed admissible.

## **CONCLUSION**

For the previously stated reasons, this Court shall respectfully deny defendant's motions to suppress.

KENNETH ELSER,
UNITED STATES ATTORNEY

By: *Dustin Roberts*

Dustin Roberts
Assistant U. S. Attorney
Arkansas Bar No. 2005185
P. O. Box 1524
Fort Smith, AR 72902
Phone: (479)249-9035; Fax: 441-0578

### CERTIFICATE OF SERVICE

I, Dustin Roberts, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed on July 7, 2017 with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Jack Schisler
Assistant Federal Public Defender

*Dustin Roberts*
Dustin Roberts, AUSA