IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>          Plaintiff,  )<br>  )<br>Vs  )<br>  )<br>  )<br>PENG CHANTHALANGSY,  )<br>          Defendant.  ) | Case No. 5:17-CR-50027 |

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the Defendant, Peng Chanthalangsy, by and through his attorney, Ken Osborne, and does hereby respectfully submit his sentencing memorandum.

#### Preliminary Conclusion

As an online-offender, and despite the lack of contact with actual child victims, Mr. Chanthalangsy, now realizes his actions do impact real victims. He has spent his time in custody considering his conduct and those victims, and will continue to do so for years to come. He understands that a prison sentence is required, but Mr. Chanthalangsy requests the Court to consider imposing a sentence of 33 months custody, followed by a term of supervised release. Such a variance is warranted by the facts of Mr. Chanthalangsy's case, the unduly severe advisory range called for by the guidelines, and the dictates of 18 U.S.C. § 3553(a).

#### Background

Mr. Chanthalangsy pled guilty to possession of child pornography. He faces an advisory guideline range of 78 to 97 months custody based on a total offense level of 28 and criminal history category I.

By the time of sentencing Mr. Chanthalangsy will be 38 years old. During his lifetime,

Mr. Chanthalangsy's contact with the law has been limited, and primarily minor misdemeanor offenses. He has no criminal history points. He has a general equivalency diploma, and is single with one 5 year old child who lives in Pennsylvania with an ex-girlfriend.

## Law & Analysis

Mr. Chanthalangsy is seeking a downward variance from the advisory range of some 78 to 97 months to 33 months. Mr. Chanthalangsy has never been imprisoned. It appears that small fines are the most severe sentence he has received. He has been in federal custody, first at the Washington County Jail, and now at the Benton County Jail, since his arrest on March 28, 2017.

### *U.S.S.G. § 2G2.2 Remains a Flawed Guideline*

The guideline at issue, U.S.S.G. § 2G2.2, has been harshly criticized by courts across the nation, as it was not formulated through empirical study by the United States Sentencing Commission, but rather by the dictates of Congress. See *United States v. Dorvee*, 616 F.3d 174, 184 (2nd Cir. 2010) ([2G2.2 is] a Guideline that is fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires. * * * [T]he Commission did not use this empirical approach in formulating the Guidelines for child pornography. Instead, at the direction of Congress, the Sentencing Commission has amended the Guidelines under § 2G2.2 several times since their introduction in 1987, each time recommending harsher penalties.). This Court has also recognized issues with this guideline, including the fact that many of the specific offense characteristics no longer distinguish offenders based on their specific conduct, and that technology has outpaced this particular guideline rendering it outmoded.

Specific offense characteristics that apply to Mr. Chanthalangsy's case, age of victim,

depictions of violence (based on the age of the participants), the use of a computer, and the number of images, also apply to the vast majority of receipt and possession cases, and no longer serve the function for which specific offense characteristics were designed. As a consequence, Mr. Chanthalangsy's advisory range is greater than necessary to effectuate the purposes of punishment, and is out of line with the parsimony principle and other 18 U.S.C. § 3553(a) factors. Without the increases for age, violence, and computer use, and number of images, Mr. Chanthalangsy's offense level would be 15 with an advisory range of 18 to 24 months.

*The 2012 Report to Congress Supports a Below-Guideline Sentence*

Other factors that should be taken into account are those set out in the Commission's *2012 Report to Congress: Federal Child Pornography Offenses*. These factors are addressed in the Presentence Report (PSI) at paragraph 35. According to the 2012 report:

> The Commission believes that the following three categories of offender behavior encompass the primary factors that should be considered in imposing sentences in §2G2.2 cases:
>
> 1) the content of an offender's child pornography collection and the nature of an offender's collecting behavior (in terms of volume, the types of sexual conduct depicted in the images, the ages of the victims depicted, and the extent to which an offender has organized, maintained, and protected his collection over time, including through the use of sophisticated technology);
>
> 2) the degree of an offender's engagement with other offenders —
> in particular, in an Internet "community" devoted to child
> pornography and child sexual exploitation; and
>
> 3) whether an offender has a history of engaging in sexually abusive, exploitative, or predatory conduct in addition to his child pornography offense.

2012 Report at p. 320.

Mr. Chanthalangsy has no history of abusive or predatory conduct toward children or anyone else.

For someone who has never been imprisoned, 33 months in prison is a very long time. He will then face years of supervised release, which will serve to keep him in line, through both the threat of further incarceration, and the services that will be available to help him understand how he arrived at this place in his life.

Mr. Chanthalangsy has reached the bottom. He recognizes this, and is anxious to participate in treatment to address his various addictions. He does not want to return to the world of child pornography. Mr. Chanthalangsy wants to discover those causes, and make changes in his life that will prevent him from returning to conduct that he now intends to put firmly in the past.

But Mr. Chanthalangsy has not been spending all his time in custody thinking of himself. Possessing images initially seemed to be a victimless crime. Mr. Chanthalangsy now understands that his actions did impact real children. Certainly he did not produce images, or have contact with children, but he now knows how difficult it can be for victims to put their suffering in the past, and how revictimization through possessing makes that task even more challenging.

Mr. Chanthalangsy's focus is on the future. His attitude is encouraging. His goals are achievable. After 33 months in prison, he should be given the chance to show that his time in custody has done what imprisonment is supposed to do. A sentence greater than that could very well run afoul of the parsimony principle, but it is difficult, if not impossible, to know in advance precisely how much time is enough time, or too much time. The bell, once rung, cannot be unrung. This truism points to a shorter sentence rather than a longer one, simply because, if necessary, an additional period of custody can be added. But it is probable that additional time will not be necessary as Mr. Chanthalangsy's likelihood of recidivism is low because of his age,

his level of education, the type of offense, and his lack of criminal history.  A recent study by the Sentencing Commission bears this out.  The study, *Recidivism Among Federal Offenders: A Comprehensive Overview*[1], was published in March of 2016, and found that the older a person is at the time of sentencing, and at the time of release, the lower the rate of recidivism.  Of the eight age-related categories in the study, these three groups had the lowest rates of recidivism: ages 41 to 50, 51 to 60, and older than 60.  Those 60 and older were the least likely to recidivate.  Study at p. 28.  Those like Mr. Chanthalangsy with zero criminal history points were the least likely to re-offend, as were those in criminal history category I.  *Id.* at pp. 23-24.  Higher education also equated to lower recidivism rates.  Sex offenses fell into the category "All Other," and had the second lowest recidivism rate next to fraud offenses.  *Id.* at p. 25.  Statistics show trends, and are not always predictive of an individual's behavior, but because Mr. Chanthalangsy fits into several of the categories with lower recidivism rates, there is reason to believe he will not re-offend upon release.

A 33 month sentence, followed by a term of supervised release of at least five years, would promote respect for the law, address the seriousness of the offense, provide adequate deterrence, avoid an unwarranted sentencing disparity, and also be classified as a just sentence. Over that 33 months, Mr. Chanthalangsy will be able to participate in treatment programs offered by the Bureau of Prisons regarding addiction issues, as well as sex offender treatment.  Mr. Chanthalangsy is enthusiastic about these programs, and is motivated to successfully complete them, and put their teachings into practice.

---

[1] http://www.ussc.gov/research/research-publications/recidivism-among-federal-offenders-comprehensive-overview

Conclusion

The facts of Mr. Chanthalangsy's case support a downward variance to 33 months in custody, a sentence that would be sufficient but not greater than necessary. That custody sentence, coupled with a term of supervised release, would comport with the requirements of 18 U.S.C. § 3553(a). Both punishment and rehabilitation can be achieved with that sentence, as can continued oversight of Mr. Chanthalangsy as he reenters the free world somewhere down the line.

WHEREFORE, the defendant respectfully submits the foregoing memorandum, and requests the Court consider a sentence of 33 months custody.

Respectfully Submitted,

BY: /s/ Ken Osborne
Ken Osborne ABA# 87128
OSBORNE LAW FIRM
P.O. Box 1345
Fayetteville, AR 72702
(479) 521-7727

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on December 27, 2017, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send electronic notification of such filing to all proper parties.

/s/ Ken Osborne
KEN OSBORNE