IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 5:17-CR-50027-001 |
| | ) | |
| PENG CHANTHALANGSY | ) | |

**GOVERNMENT'S MOTION FOR AN UPWARD VARIANCE PURSUANT TO AN ANALYSIS OF THE FACTORS CONTAINED WITHIN 18 U.S.C. § 3553(a)**

Comes now the United States of America, by and through Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas, for its Motion for an upward variance, and asks this honorable Court to sentence the defendant to *120 months.* For all matters relevant, the Government states as follows:

**PROCEDURAL HISTORY**

On August 1, 2017, the defendant, PENG CHANTHALANGSY, entered a guilty plea to Count Five of the Indictment pending against him that charged him with violating 18 U.S.C. § 2252A(a)(5)(B), Possession of Child Pornography. The remaining Counts of the Indictment, all pertaining to drug trafficking offense, are to be dismissed after sentencing. This matter is currently set for sentencing on January 12, 2018. The United States submits that an upward variance to a sentence of *120 months* is warranted in this matter to adequately account for all criminal activity involved in this case.

**FACTS SUPPORTING UPWARD VARIANCE**

In January of 2017, Homeland Security Investigations and the Rogers Police Department began investigating a drug trafficking organization operating in Northwest Arkansas. On two

occasion, a confidential informant purchased methamphetamine, totaling approximately 46 grams, from the defendant and his co-conspirators. (PSR 14).

Law enforcement subsequently obtained a search warrant for the defendant's residence. During the execution of the warrant, officers located 131 grams of marijuana, 43 additional grams of methamphetamine, 1.2 grams of cocaine, and approximately $17, 000 in cash. (PSR 15). Law enforcement also confiscated and examined the computer equipment found at the residence, which included approximately five (5) Bit-coin "Ant-Mining" machines. (PSR 28-29, 15). During a subsequent forensic search of such, law enforcement encountered child pornography, which prompted law enforcement to obtain a second search warrant. A subsequent forensic examination of the defendant's computer revealed approximately 488 videos and 1639 images depicting minors engaged in sexually explicit conduct. (PSR 18). The images and videos depicted minors as young as 4-6 years of age engaged in sexual acts. (PSR 21). Additionally, during the forensic process, examiners were able to recover text documents related to the sale and distribution of drugs via the dark web. The text documents included narcotics order forms for dark web market places and price sheets for drugs offered for distribution. (PSR 29-33). As it pertains to child exploitation, examiners located a username and password for a dark web child pornography site. (PSR 31). A further review of the dark web site revealed that it was a "for pay" site, charging Bitcoin. Examiners also located a text document with a username and password for logging onto dark web chatroom entitled "baby and Infants." Said site self identifies as a "board for the posting of images and videos of newborns and infants."

**REQUEST FOR UPWARD VARIANCE BASED ON 3553(a) FACTORS**

This Government submits that a sentence of 120 months is appropriate given the considerations of 18 U.S.C. § 3553(a). At present, the defendant's guideline range is 78-97 months. CHANTALANGSY, who pleaded guilty to possession of child pornography, obtained such via sophisticated means from a dark web pay based site. (PSR 31) Likewise, there is probable cause to believe that he not only paid to download images of children engaged in sexual activity, but was also involved in chatrooms dedicated to "babies and infants."

As for his background and characteristics, it is clear that CHANTHALANGSY is a drug dealer. He not only sold methamphetamine to a confidential informant on two occasions, it is clear he was involved in the online "dark web" distribution of narcotics as well.

In comparing CHANTHALANGSY to other defendant's convicted of similar offenses, it is evident that his offense conduct is substantially worse. Recently, in *United States v. Robert Davis* (Case no. 5:17-CR-50032-001), the defendant, an approximately 20 year old male with no criminal history, was convicted of Receipt of Child pornography and sentenced to 100 months imprisonment. Among the aggravating facts of the case was that Davis exchanged images via a social media application/internet community, and the material depicted minors as young as 5 years of age. There was also a certain amount of organization to his collection. In *United States v. Richard Bain Gamblin* (Case no. 5:16-CR-50023-001), the defendant, an approximately 22 year old male, was sentenced to 72 months imprisonment on one Count of Receipt of Child Pornography. The aggravating facts present in *Gamblin* included that he was part of an internet community, and there was some organization to his collection. However, he did not distribute such nor chat with other offenders. Finally, in *United States v. Jermey McGrew* (Case no.

3

5:17-CR-50035-001), a 36 year old male with no criminal history was sentenced to 75 months imprisonment after pleading guilty to Receipt of Child Pornography. The aggravating factors identified in that case were distribution, a large collection (282 videos and 1614 still images), and images depicting toddlers.

While the child exploitation aspect of the present case is comparative to "run of the mill" child pornography cases presented to this Court, in no case that the undersigned AUSA is aware of, has this Court been presented with a child exploitation case that derived from the fact that the defendant is a drug dealer. Yet, at present, the facts support that CHANTHALANGSY was actively distributing methamphetamine, marijuana, and possible cocaine at the time of his arrest. Moreover, while the direct evidence is that the defendant distributed methamphetamine in person, there is probable cause to believe that he also advertised and distributed such via the dark web.

As such, it would be counter-intuitive for an individual like CHANTHALANGSY to receive a lower sentence than any other non-repeat offending child pornography defendant presented to this court. In essence, this case should set the bar.

As such, an upward variance pursuant to the 3553(a) factors to a sentence of 120 months is warranted in this case.

## **CONCLUSION**

Based on the facts of this case, the Government asks this Court to grant its motion for an upward variance. The Government further submits that a sentence of 120 months is appropriate**.**

Respectfully submitted,

Kenneth Elser
United States Attorney

By: */s/ Dustin S Roberts*
Dustin S Roberts
Assistant U.S. Attorney
Arkansas Bar No. 2005185
414 Parker Avenue
Fort Smith, AR  72901
479-783-5125

## CERTIFICATE OF SERVICE

I, Dustin Roberts, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that on this 28th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the following pleading to:

Kenneth Osborne
Attorney for Defendant

/s/ Dustin S. Roberts

Dustin S. Roberts
Assistant U.S. Attorney